

ENTERED
01/06/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| MARSHALL BROADCASTING GROUP, INC.,[1] | § § § | Case No. 19-36743 (DRJ) |
| Debtor. | § § § | |

**STIPULATION AND AGREED ORDER EXTENDING INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, (II) GRANTING CERTAIN PROTECTIONS TO PREPETITION LENDER, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING ON AN INTERIM BASIS**
(Docket Nos. 76 and 15)

Marshall Broadcasting Group, Inc., the above-captioned debtor and debtor in possession (the "Debtor") and Mission Broadcasting, Inc., in its capacity as Lender and Collateral Agent (the "Secured Party" and together with the Debtor, the "Parties"), enter into this stipulation and agreed order ("Stipulation and Agreed Order") as follows:

WHEREAS, on December 3, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, on December 6, 2019, the Debtor filed its *Emergency Motion for Interim and Final Orders (A) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. 15] (the "Cash Collateral Motion");

WHEREAS, on December 9, 2019, this Court entered its *Interim Order (I) Authorizing the Debtor to Use Cash Collateral, (II) Granting Certain Protections to Prepetition Lender, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing* [Docket No. 44] (the "Interim

---

[1] The last 4 digits of the Debtor's federal tax identification number are 7805.

4828-6972-6896, v. 1

Cash Collateral Order"),[2] granting the Motion and, among other things, (a) authorizing the Debtor to use the cash collateral of the Secured Party through January 6, 2020 (the "Termination Date"), subject to extension of such date with consent of the Secured Party, and (b) setting a final hearing (the "Final Cash Collateral Hearing") on the Cash Collateral Motion for January 6, 2020 at 2:00 p.m. (CST);

WHEREAS, the Parties have agreed to an extension of the Termination Date through and including January 21, 2020.

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, the Parties hereby stipulate and agree as follows:

1. Subject to the terms of this Stipulation and Agreed Order and the Interim Cash Collateral Order, the Debtor is authorized to use Cash Collateral through January 21, 2020 (the "Revised Termination Date") solely pursuant to this Stipulation and Agreed Order and the Interim Cash Collateral Order and solely in the amounts and for the expenses set forth in the Revised Approved Budget (as defined below).

2. The Debtor is authorized to use Cash Collateral solely in accordance with the budget set forth in Exhibit A to this Stipulation and Agreed Order (the "Revised Approved Budget"). The Revised Approved Budget may be modified from time to time by the Debtor with the prior written consent of the Secured Party in its sole discretion. Notwithstanding the Revised Approved Budget, no pre-petition claims shall be paid unless expressly authorized herein or otherwise ordered by the Court. To the extent that any of the amounts set forth in the Revised Approved Budget are not due or otherwise paid in the ordinary course prior to the 21st of the month, the inclusion of such amounts in the Revised Approved Budget shall not constitute the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Interim Cash Collateral Order.

4828-6972-6896, v. 1

Secured Party's consent to such payment. For the avoidance of doubt, references in the Revised Approved Budget to the "creditor" shall refer to the Secured Party.

3. The Debtor shall at all times comply with the Revised Approved Budget. Each week, the Debtor shall provide to the Secured Party a report certified by an officer of the Debtor showing (a) the Debtor's actual receipts and disbursements on a line-item and cumulative basis, (b) the variance from the amounts set forth for such period in the Revised Approved Budget for each line-item, and (c) an explanation for any variance from the Revised Approved Budget in excess of 15% on a line-item basis.

4. The Debtor's right to use Cash Collateral shall automatically terminate without further Court order upon the earlier of (a) the Revised Termination Date, unless the Final Order has been entered at or prior to such time or the Secured Party has otherwise consented to an extension of such date, and (b) three business days after the delivery of written notice to the Debtor, the U.S. Trustee, and the Official Committee of Unsecured Creditors (if any) of the occurrence of a Termination Event, if the Debtor has failed to cure such Termination Event.

5. The Final Cash Collateral Hearing is reset for January 21, 2020 at 3:15 p.m. (CST).

6. The Debtor is authorized to take such actions as may be necessary or appropriate to implement the terms of this Stipulation and Agreed Order.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

**Signed: January 06, 2020.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

4828-6972-6896, v. 1

**STIPULATED AND AGREED TO THIS 3rd DAY OF JANUARY, 2020**:

**GRAY REED & McGRAW LLP**

By: */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email: jbrookner@grayreed.com

    -and-

    Lydia R. Webb
    Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email: lwebb@grayreed.com

    -and-

David B. Golubchik (*pro hac vice*)
Eve H. Karasik (*pro hac vice*)
**LEVENE NEALE BENDER YOO
& BRILL L.L.P.**
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: dbg@lnbyb.com
      ehk@lnbyb.com

**PROPOSED COUNSEL TO THE DEBTOR**

**JACKSON WALKER LLP**

By: */s/ Matthew D. Cavenaugh*
    Matthew D. Cavenaugh
    Texas Bar No. 24062656
    Bruce J. Ruzinsky
    Texas Bar No. 17469425
1401 McKinney Street
Suite 1900
Houston, TX 77010
Telephone:  (713) 752-4202
Facsimile:  (713) 308-4155
Email: bruzinsky@jw.com
      mcavenaugh@jw.com

-and-

**PROSKAUER ROSE LLP**

  By: */s/ Lucy F. Kweskin*
    David M. Hillman (*pro hac vice*)
    Lucy F. Kweskin (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone:  (212) 969-3000

**COUNSEL TO MISSION
BROADCASTING, INC.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 3rd day of January, 2020, a true and correct copy of the foregoing document was served via CM/ECF to all parties authorized to receive electronic notice in this case.

                            */s/ Jason S. Brookner*
                            Jason S. Brookner

## Exhibit A

**Revised Approved Budget**

# Marshall Broadcasting Group, Inc.

Projected Cash Flow

|  | January 2020 |
|---|---:|
| **CASH RECEIPTS:** |  |
| Sales Collections | 1,061,000 |
| Retrans (collected by MBG) | 1,050,000 |
| Fox Non-linear | - |
| DirecTV retro adjustment | - |
| Repack reimbursement | - |
| Retrans (collected by NXST) | 300,000 |
| **Total Receipts** | 2,411,000 |
|  |  |
| **CASH DISBURSEMENTS:** |  |
|  |  |
| **General Operating Expenses:** |  |
| Retrans processing | 1,690 |
| Dues & Subs | 975 |
| Insurance | 1,500 |
| Music License fees | 12,000 |
| Accounting support (Mission) | 2,600 |
| Newswire service | 6,100 |
| Property Tax | - |
| Rent (see note 4) | 10,600 |
| Tower rent | 30,000 |
| Utility cost | 12,000 |
| Digital Media Expense (see note 1) | 10,000 |
| Transmitter Costs | 895,000 |
| Other / Miscellaneous | 20,000 |
| **Sub-total Operating Expense** | 1,002,465 |
|  |  |
| Fox affiliate fees | 1,215,971 |
| Payroll - Regular | 127,000 |
| Payroll - Bonus/Commission | 81,000 |
| Medical claims | 20,000 |
| Legal & Professional Fees | 300,000 |
| Broker / Investment Banker | - |
| Directors Fees (see note 3) | 34,000 |
|  |  |
| Film payments | 48,000 |
| Lender Interest | 170,000 |
| Lender Professional Fees | 700,000 |
| BK Trustee Fee | 21,000 |
| Repack | - |
| Travel (see note 2) | 9,000 |

| | |
|---|---:|
| **Total Disbursements** | 3,728,436 |
| **NET CASH FLOW** | $ (1,317,436) |
| Beginning Monthly Cash Bal. | 5,045,188 |
| Net Cash Flow | (1,317,436) |
| Ending Monthly Cash Balance | $ 3,727,752 |

Note #1: Not to be paid without the prior written consent of creditor or bankruptcy court approval.

Note #2: Costs that bring monthly total over $5,000 will require the advance written consent of creditor or the bankruptcy court.

Note #3: Any director fee payment to persons other than Larry Patrick will require the advance written approval of creditor or the bankruptcy court.

Note #4  Without prejudice to creditor's (Mission) right to pursue claims (on behalf of the Bankruptcy estate) for recoupment, reimbursement or similar claims based on benefit derived from occupancy of the premises, subject to all defenses thereto, provided that no claims shall be pursued against debtor.