IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| MARSHALL BROADCASTING | § | |
| GROUP, INC.,[1] | § | Case No. 19-36743 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |

## DEBTOR'S UNOPPOSED EMERGENCY
## MOTION FOR ORDER APPOINTING MEDIATOR

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Marshall Broadcasting Group, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), for its Unopposed Emergency Motion for Order Appointing Mediator (the "Motion"), respectfully represents:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Debtor's federal tax identification number are (7805).

## **PROCEDURAL HISTORY**

1. On December 3, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its property and is managing its business as a debtor in possession. No trustee, examiner, or official committee has been appointed.

## **BACKGROUND**

4. The Debtor is the licensee of three television stations: KMSS-TV, Shreveport, Louisiana, KPEJ-TV, Odessa, Texas and KLJB, Davenport, Iowa (the "MBG Stations"). The Debtor is a small minority-owned company that provides programming through its affiliation agreements with FOX broadcasting corporation in all markets.

5. The Debtor acquired the MBG Stations from Nexstar Broadcasting, Inc. ("Nexstar" and together with the Debtor, the "Mediation Parties") on January 1, 2015. Due to various disputes between the Mediation Parties, both Mediation Parties have been engaged in litigation in New York State court since April 3, 2019. The Debtor also filed a complaint against Nexstar before the Federal Communications Commission on June 12, 2019.

6. The Mediation Parties have agreed to proceed to non-binding mediation (the "Mediation") in an attempt to resolve the outstanding issues between them. To that end, the Mediation Parties have mutually agreed to United States Bankruptcy Judge Christopher M. López serving as mediator (the "Mediator"), and, upon information and belief, Judge López has agreed to accept the engagement subject to this Court entering an order approving mediation and appointing the Mediator.

4838-3471-1986, v. 1

7. The Mediation Parties have contacted Judge López's chambers, and reserved February 13-14, 2020, as the dates for mediation in Houston, Texas, with the exact location to be determined between the Mediation Parties and the Mediator. The Mediation Parties expect the Mediation to last up to two days, but reserve the right to request additional days of mediation, should they and the Mediator so agree.

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks entry of an order, pursuant to Bankruptcy Local Rule 1075-1 and section Q of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas, appointing Judge López as Mediator.

9. The Debtor respectfully submits that approval of the relief requested herein is in the best interests of its estate and creditors. The requested relief will provide the Mediation Parties with a cost-efficient means to negotiate a global resolution of their disputes with the goal of avoiding the time and expense of an adversary proceeding, and various objections to claims and other relief the Debtor may seek from this Court during the course of this chapter 11 case.

## EMERGENCY RELIEF REQUESTED

10. The Debtor requests emergency consideration of this Motion. Emergency relief is justified under the circumstances because the Mediation Parties have agreed to mediate on February 13-14, 2020 and require the entry of an order granting this Motion prior to that time. Further, in light of the sale milestones contained in the final cash collateral order [Docket No. 107], it is critical for the mediation to take place in advance of the auction deadline, which is presently scheduled as March 19, 2020.

## NOTICE

11. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Mission Broadcasting, Inc. as

4838-3471-1986, v. 1

administrative agent under the Debtor's credit agreement; (c) counsel to Nexstar; and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

12. No prior request for the relief sought in this Motion has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order on an emergency basis, substantially in the form attached hereto as **Exhibit A**, (i) appointing Judge López as Mediator and (ii) granting such other and further relief as may be just and proper.

[*remainder of page intentionally left blank*]

4838-3471-1986, v. 1

Respectfully submitted this 23rd day of January, 2020.

        **GRAY REED & McGRAW LLP**

       By: */s/ Jason S. Brookner*
         Jason S. Brookner
         Texas Bar No. 24033684
       1300 Post Oak Blvd., Suite 2000
       Houston, Texas 77056
       Telephone:  (713) 986-7000
       Facsimile:  (713) 986-7100
       Email:  jbrookner@grayreed.com

         -and-

        Lydia R. Webb
        Texas Bar No. 24083758
       1601 Elm Street, Suite 4600
       Dallas, Texas 75201
       Telephone:  (214) 954-4135
       Facsimile:  (214) 953-1332
       Email:  lwebb@grayreed.com

         -and-

       David B. Golubchik (*pro hac vice*)
       Eve H. Karasik (*pro hac vice*)
       **LEVENE NEALE BENDER YOO**
         **& BRILL L.L.P.**
       10250 Constellation Boulevard, Suite 1700
       Los Angeles, CA 90067
       Telephone:  (310) 229-1234
       Facsimile:  (310) 229-1244
       Email: dbg@lnbyb.com
         ehk@lnbyb.com

       **COUNSEL TO THE DEBTOR**

4838-3471-1986, v. 1

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on multiple dates leading up to the filing of this Motion, counsel to the Debtor conferred with counsel to Nexstar, and counsel to Nexstar has indicated that Nexstar does not oppose the relief requested herein. Further, on several dates leading up to the filing of this Motion, counsel to the Debtor communicated with Judge López's chambers, and Judge López's chambers has indicated that he is willing and able to act as Meditator for this matter on February 13-14, 2020.

*/s/ Jason S. Brookner*
Jason S. Brookner

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of January, 2020, he caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF Notification System on those parties who have so-subscribed, and via electronic mail to counsel for Nexstar and counsel for Mission Broadcasting.

*/s/ Jason S. Brookner*
Jason S. Brookner

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| MARSHALL BROADCASTING | § | |
| GROUP, INC.,[1] | § | Case No. 19-36743 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |

**ORDER GRANTING DEBTOR'S UNOPPOSED
<u>EMERGENCY MOTION FOR ORDER APPOINTING MEDIATOR</u>**
(Relates to Docket No. ___)

Upon the Unopposed Emergency Motion for Order Appointing Mediator (the "<u>Motion</u>") filed by Marshall Broadcasting Group, Inc., the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"); and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that the relief requested in the Motion is in the best interests of the Debtor and its estate; and it appearing that due and sufficient notice of the Motion has been provided by the Debtor and that no other or further notice is required; and after due deliberation and good cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.[2]

2. The requested mediation between Nexstar and the Debtor is approved. The Honorable Christopher M. López, U.S. Bankruptcy Judge for the Southern District of Texas, is hereby appointed and approved to serve as mediator for purposes of the Mediation.

3. The terms and conditions of this Order are immediately effective and enforceable

---

[1] The last four digits of Debtor's federal tax identification number are (7805).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

upon its entry.

4.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: _____, 2020**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**