**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| MARSHALL BROADCASTING GROUP, INC.,[1] | § § § | Case No. 19-36743 (DRJ) |
| Debtor. | § § § § | |

**DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS**
**TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.   UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Marshall Broadcasting Group, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), for its Motion to Extend the Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof (the "Motion"), respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Debtor's federal tax identification number are (7805).

3.     The basis for the relief requested herein is section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code").

## PROCEDURAL HISTORY

4.     On December 3, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.     Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its property and is managing its business as a debtor in possession.

6.     No trustee, examiner, or official committee has been appointed.

## RELIEF REQUESTED

7.     By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** extending the period during which the Debtor has the exclusive right to file a chapter 11 plan (the "Filing Exclusivity Period") through and including June 1, 2020, and the deadline by which the Debtor has the exclusive right to solicit acceptances thereof through and including July 31, 2020 (the "Solicitation Exclusivity Period" and, together with the Filing Exclusivity Period, the "Exclusivity Periods").

## BASIS FOR RELIEF

8.     Section 1121(b) of the Bankruptcy Code establishes an initial period of 120 days after the commencement of a chapter 11 case during which only a debtor may file a plan and an additional 60-day period thereafter during which only the debtor may solicit votes for a plan. Currently, the Filing Exclusivity Period will expire on April 1, 2020.  The Solicitation Exclusivity Period is currently set to expire on May 31, 2020.

9.     Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause."  Although the Bankruptcy Code does not define "cause," bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful

reorganization of a debtor's affairs.  *See In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) (noting that the meaning of "cause" under section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, No. 4-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor showed substantial progress had been made in negotiations toward reorganization"); *see also In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (citing factors relevant to whether "cause" exists to extend exclusive periods).

10.    Courts within the Fifth Circuit and in other jurisdictions have held that the decision to extend exclusivity is left to the sound discretion of the court, and should be based on the totality of circumstances in each case.  *See In re Borders Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (noting that "the court has broad discretion in extending or terminating exclusivity"); *Mirant*, 2004 WL 2250986, at * 3 (noting that the decision to extend exclusivity "lies within the bankruptcy court's discretion"); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (extending exclusivity based on the totality of the circumstances); *In re Washington-St. Tammany Elec. Co-op., Inc*, 97 B.R. 852, 854 (Bankr. E.D. La. 1989) (citing *In re Sharon Steel Corp.*, 78 B.R. 762, 763 (Bankr. W.D. Pa. 1987) ("The decision of whether or not to extend the debtor's period of exclusivity rests with the discretion of the Court")); *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 966 (D. Del. 1986) (holding that section 1121(d) of the Bankruptcy Code provides the bankruptcy court "with flexibility to either reduce or increase that period of exclusivity within its discretion").  Courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11

plan and thus whether there is "cause" for extension of the Exclusivity Periods.  These factors include:

    a)      the size and complexity of the case;

    b)      the need for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

    c)      whether the debtor has made progress in negotiations with its creditors;

    d)      the existence of good faith progress toward reorganization;

    e)      whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

    f)      whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    g)      the fact that the debtor is paying its bills as they become due;

    h)      the amount of time which has elapsed in the case; and/or whether an unresolved contingency exists.

*See, e.g., In re New Millennium Mgmt., LLC*, 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods); *In re GMG Cap. Partners III, L.P.*, 503 B.R. 596 (Bankr. S.D.N.Y. 2014) (same); *see also Adelphia Commc'ns Corp.*, 336 B.R. at 674 (denying motion to terminate exclusivity based on factors for cause).

    11.    Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods.  *See, e.g., Express One Int'l, Inc.*, 194 B.R. at 100 (listing all nine factors later set forth in *Adelphia*, but relying on only four as relevant in determining whether there was "cause" to extend exclusivity); *see also In re Excel Maritime Carriers Ltd.*, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013) (noting in an exclusivity termination context that the ultimate consideration for the court is what will best move the case forward in the best interests of all parties).  Further, courts regularly grant a debtor's first request for an extension of the exclusive period to file a chapter 11 plan.  *See Am. Network Leasing v. APEX Pharms., Inc. (In re Apex Pharms., Inc.)*, 203 B.R. 432, 441 (N.D. Ind. 1996)

(noting that during the initial 120-day period in which debtors have an exclusive right to file a chapter 11 plan, "bankruptcy courts have applied a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (citation omitted); *see also Borders*, 460 B.R. at 825 (same).

12.     Ample precedent in this and other districts supports the Debtor's request for the initial extension of exclusivity requested herein.   *See, e.g.*, *In re Seadrill Ltd.*, No. 17-60079 (Bankr. S.D. Tex. Jan. 8, 2018) (granting an initial exclusivity extension of 180 days); *In re GenOn Energy, Inc.*, No. 17-33695 (Bankr. S.D. Tex. Oct. 3, 2017) (granting an initial exclusivity extension of 180 days); *In re Ultra Petroleum Corp.*, No. 16-32202 (Bankr. S.D. Tex. Feb. 17, 2017) (granting initial exclusivity extension of 120 days); *In re CJ Holding Co.*, No. 16-33590 (Bankr. S.D. Tex. Nov. 3, 2016) (granting an initial exclusivity extension of 120 days); *In re SandRidge Energy Inc.*, No. 16-32488 (Bankr. S.D. Tex. Aug. 30, 2016) (granting an initial exclusivity extension of 120 days).   Such initial extensions are reasonable, as serial short-term extensions lead to instability by forcing parties to continue returning to court over-and-over again to litigate exclusivity.   *See In re MSR Resort Golf Course LLC*, No. 11-10372 (Bankr. S.D.N.Y.), Hr'g Tr. Feb. 21, 2012, 7:24–8:3 (extending exclusivity, in part, because "everything else in the case ground to a significant halt, in light of prior fights about exclusivity").

13.     Here, as set forth in detail below, the relevant factors strongly favor initial extensions of the Exclusivity Periods:

a)      **The Debtor's Chapter 11 Case Is Large and Complex.**

14.     While the Debtor does not have a large creditor base, the subject matter of this case makes it complex and unique – particularly the FCC overlay of a potential divestiture of the Debtor's television assets.   Since the Petition Date, the Debtor, with the assistance of its investment banker, PVB Advisors, LLC, has been marketing its assets, with an Auction scheduled to occur on

March 24, 2020.  The Debtor is also negotiating with parties in interest that have taken an active role in this chapter 11 case, including Mission Broadcasting, Inc. ("Mission"), Nexstar Broadcasting, Inc. ("Nexstar"), Fox Broadcasting Company, LLC and others.  In particular, the Debtor and Nexstar have agreed to proceed to non-binding mediation (the "Mediation") in an attempt to resolve the outstanding issues between them.  The Mediation is currently scheduled to occur on March 12-13, 2020 before United States Bankruptcy Judge Christopher M. López.

<b>b)   The Debtor Has Made Progress in Negotiating in Good Faith with All Creditors and Administering This Chapter 11 Case.</b>

15.     The Debtor requires additional time to formulate a plan and disclosure statement in light of the many moving parts present in this case, including Debtor's efforts to sell substantially all of its assets.

16.     In the approximately 90 days since the Petition Date, the Debtor has negotiated in good faith, and to the greatest extent practicable worked collaboratively with, its stakeholders.  The Debtor has worked tirelessly to secure critical financial and operational relief through cash collateral usage, negotiated with its prepetition lender, Mission, filed its schedules of assets and liabilities and statement of financial affairs, engaged in a postpetition marketing and sale process of its assets, and hired various professionals to help the Debtor through the reorganization process, among a variety of other things.

<b>c)   An Extension of the Exclusivity Periods Will Not Prejudice Creditors.</b>

17.     This request for an extension of the Exclusivity Periods is the Debtor's first and will result in an extension of approximately 60 days.  Courts routinely grant a debtor's request for an initial exclusivity extension.  Moreover, the Debtor and Mission have agreed to milestones for the sale of substantially all of the Debtor's assets.  The hearing to approve the proposed sale is currently scheduled for March 30, 2020, a mere two days before the expiration of the current Filing

6

Exclusivity Period. However, the Debtor anticipates that closing will not occur until several months later subject to FCC approval. To facilitate the agreed-upon timeline, and to allow the Debtor the necessary time to navigate complex issues and constituent negotiations, an extension of the Exclusivity Periods is appropriate.

      **d)**      **The Debtor Is Not Pressuring Creditors by Requesting an Extension of the Exclusivity Periods.**

18.      The Debtor has not sought an extension of exclusivity to pressure creditors or other parties in interest. On the contrary, all creditor constituencies are benefitted by providing the Debtor with sufficient time to determine what transaction or combination of transactions will provide the greatest value to its estate and the greatest recovery to its creditors.

      **e)**      **The Debtor Is Paying Its Bills as They Come Due.**

19.      The Debtor has paid its undisputed post-petition debts in the ordinary course of business or as otherwise provided by Court order.

      **f)**      **Relatively Little Time Has Elapsed in the Chapter 11 Case.**

20.      This case remains in the early stages of the chapter 11 process. In light of that, and the sale milestones, the requested extension is justified and appropriate.

      **g)**      **An Extension of the Exclusivity Periods Is in the Best Interest of the Creditors.**

21.      The Debtor seeks to maintain exclusivity so parties with competing interests do not impede the Debtor's efforts to restructure. Extending exclusivity benefits all creditors by preventing the drain on time and resources that inevitably occurs when competing plans are filed. All stakeholders benefit from continued stability and predictability that a centralized process provides, which can only occur while the Debtor remains the sole plan proponent. Moreover, even if the Court approves an extension of the Exclusivity Periods, nothing prevents parties in interest from later seeking to reduce or terminate exclusivity for cause. Accordingly, an extension of the

4818-2912-6326.1

Exclusivity Periods is in the best interest of the Debtor's estate, its creditors, and all other parties in interest.

## NOTICE

22.     The Debtor will provide notice of this Application to (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Mission Broadcasting, Inc. as administrative agent under the Debtor's credit agreement; (c) counsel to Nexstar; and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

23.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as may be just and proper.


*[remainder of page intentionally left blank]*

Respectfully submitted this 27th day of February, 2020.

**GRAY REED & McGRAW LLP**

By: */s/ Jason S. Brookner*

    Jason S. Brookner
    Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:     jbrookner@grayreed.com

-and-

    Lydia R. Webb
    Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email: lwebb@grayreed.com

-and-

David B. Golubchik (*pro hac vice*)
Eve H. Karasik (*pro hac vice*)
**LEVENE NEALE BENDER YOO
& BRILL L.L.P.**
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: dbg@lnbyb.com
       ehk@lnbyb.com

**COUNSEL TO THE DEBTOR**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 27th day of February, 2020, he caused a true and correct copy of the foregoing pleading to be served via CM/ECF on all parties who have subscribed for electronic notice in this case.

    */s/ Jason S. Brookner*
    Jason S. Brookner

4818-2912-6326.1

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| MARSHALL BROADCASTING GROUP, INC.,[1] | § | |
| Debtor. | § § | Case No. 19-367437 (DRJ) |
| | § § § | |

**ORDER EXTENDING THE DEBTOR'S EXCLUSIVITY PERIODS**
**TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**
**[Relates to Docket No. ____]**

Upon the Motion Extend the Exclusivity Periods to file Chapter 11 Plan and Solicit Acceptances Thereof   (the "Motion"), filed by the Marshall Broadcasting, Inc., the above-captioned debtor and debtor in possession (the "Debtor"); and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that the relief requested in the Motion is in the best interests of the Debtor and its estate; and it appearing that due and sufficient notice of the Motion has been provided by the Debtor and that no other or further notice is required; and after due deliberation and good cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.[2]

2.    The Debtor's exclusive period to file a chapter 11 plan is extended through and including June 1, 2020.

---

[1] The last four digits of Debtor's federal tax identification number is (7805).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      The Debtor's exclusive period to solicit acceptances of a chapter 11 plan is extended through and including July 31, 2020.

4.      Entry of this Order is without prejudice to (i) the Debtor's right to seek such additional and further extensions of the Exclusivity Periods as they may deem necessary or appropriate and (ii) the rights of parties in interest to oppose any such further extension.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


**Signed: _____, 2020.**          _____

                                            **DAVID R. JONES**
                                            **UNITED STATES BANKRUPTCY JUDGE**

4818-2912-6326.1