# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| MARSHALL BROADCASTING | § | |
| GROUP, INC.,[1] | § | Case No. 19-36743 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT AMONG DEBTOR, NEXSTAR MEDIA GROUP, INC., NEXSTAR BROADCASTING, INC TURNING LEAF MASSAGE AND PEDICURE, INC., AMY SOEKEN, AND KEVIN SOEKEN**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Marshall Broadcasting Group, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), for its Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for Order Approving Compromise and Settlement Agreement Among the Debtor, Nexstar Media Group, Inc., and Nexstar Broadcasting, Inc., on the one hand, and Turning Leaf Message and

---

[1] The last four digits of Debtor's federal tax identification number are (7805).

4812-6130-9123.1

Pedicure, Inc., Amy Soeken and Kevin Soeken, on the other hand (collectively, "Turning Leaf") (the "Motion"), respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code").

## PROCEDURAL HISTORY

4. On December 3, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its property and is managing its business as a debtor in possession.

6. No trustee, examiner, or official committee has been appointed.

7. On April 4, 2020, the Court approved the Debtor's sale of substantially all of its assets to Mission Broadcasting, Inc. *See* Docket No. 235. The sale is subject to FCC approval, and the Debtor originally anticipated that the sale would close by the end of June. However, three petitions to deny approval of the sale were timely filed with the FCC. The Debtor believes that these petitions will delay the FCC approval process by up to two months, or through the end of August or September 2020.

## SUMMARY OF THE RELIEF REQUESTED

7. Nexstar Media Group, Inc. and Nexstar Broadcasting, Inc. (collectively, "Nexstar"), the Debtor, and Turning Leaf entered into the settlement agreement attached hereto as

2

**Exhibit B** (the "Agreement").[2]  The settlement payment has been funded by Nexstar.  While the Debtor has no material obligations under the settlement, in an abundance of caution, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, approving this Motion as to the Debtor and authorizing the Debtor to take any actions necessary to effectuate and carry out the proposed compromise and settlement, according to the terms set forth in the Agreement.

## BACKGROUND AND TERMS OF SETTLMENT

8.     Turning Leaf has asserted a tort claim against the Debtor and Nexstar in connection with a broadcast on the WHBF and KLJB stations on September 19, 2019 (the "Tort Claim"). The Debtor and Nexstar deny all liability for the Tort Claim.

9.     The parties agreed to settle the dispute. The Settlement Agreement provides for a cash payment paid solely by Nexstar to Turning Leaf.  No estate funds are being used to fund any portion of this payment. In exchange, Turning Leaf is releasing the Debtor and Nexstar from all claims arising out of or related to the Tort Claim. No mutual release is required from the Debtor or Nexstar in favor of Turning Leaf, and none is being given.

10.     The Debtor respectfully submits that, under the circumstances and the terms of the Agreement, that the Court should approve the Debtor's entry into the Settlement Agreement.

## BASIS FOR RELIEF REQUESTED

Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), this Court may approve the settlement reached by the parties.  "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distressed situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005).

---

[2] Due to the confidential nature of the Agreement, it is separately being filed under seal.

Bankruptcy Rule 9019(a), the legal basis for the relief requested in the Motion, provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). This Bankruptcy Rule empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop, Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997); *Conn. Gen. Life Ins. Co. v. United Co. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F. 3d 914, 917 (5th Cir. 1995). Further, "[a]pproval of a settlement agreement is a matter within the sound discretion of the bankruptcy court." *See United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

The merits of a proposed compromise are judged under the criteria set forth in *Protective Committee for Independent Stockholders v. Anderson*, 390 U.S. 414 (1968). *Anderson* requires that a compromise be "fair and equitable." *Anderson*, 390 U.S. at 424; *AWECO*, 725 F.2d at 298. The terms "fair and equitable" mean that: (i) senior interests are entitled to full priority over junior interests; and (ii) the compromise is reasonable in relation to the likely rewards of litigation. *Cajun Elec.*, 119 F.3d at 355-56. In determining whether a proposed compromise is fair and equitable, a court should consider the following factors: (a) "the probabilities of ultimate success should the claim be litigated"; (b) "the complexity, expense, and likely duration" of litigating the claim; (c) "the possible difficulties of collecting on any judgment" rendered from such litigation; and (d) "all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Anderson*, 390 U.S. at 424; *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980); *In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010). Such "other factors" to be considered include "the paramount interest of creditors with proper deference

4

4812-6130-9123.1

to their reasonable views" and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Foster Mortg. Corp.*, 68 F.3d at 917-18.

The Debtor believes that the prongs of the 9019 test, to the extent applicable here, are satisfied and that the settlement is in the best interest of creditors. The dispute has been settled with no liability for and no payment by the estate (with the full amount of the settlement funded by Nexstar). Further, the Agreement includes a release by Turning Leaf in favor of the Debtor and Nexstar of all claims arising out of the dispute with no mutual release from the Debtor or Nexstar.

Thus, the Debtor respectfully submits that the Agreement is in the best interests of its estate and creditors. Accordingly, the Debtor requests that the Court approve this Motion and authorize the Debtor's entry into the settlement outlined herein and set forth more fully in the Agreement.

## NOTICE

The Debtor will provide notice of this Motion to (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to Mission Broadcasting, Inc. as administrative agent under the Debtor's credit agreement; and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice is required.

No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court: (a) enter an order, substantially in the form attached hereto as **Exhibit A**, approving the proposed Agreement; (b) authorizing the Debtor to take any actions necessary to effectuate and carry out the terms of the Agreement; and (c) granting such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of July, 2020.

                      **GRAY REED & McGRAW LLP**

                      By: */s/ Jason S. Brookner*
                          Jason S. Brookner
                          Texas Bar No. 24033684
                      1300 Post Oak Blvd., Suite 2000
                      Houston, Texas 77056
                      Telephone: (713) 986-7000
                      Facsimile: (713) 986-7100
                      Email:     jbrookner@grayreed.com

                      -and-

                          Lydia R. Webb
                          Texas Bar No. 24083758
                      1601 Elm Street, Suite 4600
                      Dallas, Texas 75201
                      Telephone: (214) 954-4135
                      Facsimile: (214) 953-1332
                      Email: lwebb@grayreed.com

                      -and-


                      David B. Golubchik (*pro hac vice*)
                      Eve H. Karasik (*pro hac vice*)
                      **LEVENE NEALE BENDER YOO**
                      **& BRILL L.L.P.**
                      10250 Constellation Boulevard, Suite 1700
                      Los Angeles, CA 90067
                      Telephone: (310) 229-1234
                      Facsimile: (310) 229-1244
                      Email: dbg@lnbyb.com
                             ehk@lnbyb.com

                      **COUNSEL TO THE DEBTOR**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 23rd day of July, 2020, he caused a true and correct copy of the foregoing pleading to be served via CM/ECF on all parties who have subscribed for electronic notice in this case, and via electronic mail to Nexstar and Turning Leaf.

***Via Email***
Stephen T. Fieweger
Stephen T. Fieweger, P.C.
5157 Utica Ridge Road
Davenport, IA 52807
(563) 424-1982
Email: sfieweger@fiewegerlaw.com

***Via Email***
David Flugman
Selendy & Gay, PLLC
1290 Ave of the Americas
New York, NY 10104
(212) 390-9000
Email: dflugman@selendygay.com

***Via Email***
Jennifer M. Selendy
Selendy & Gay, PLLC
1290 Aveof the Americas
17th Fl
New York, NY 10104
(212) 390-9000
Email: jselendy@selendygay.com

***Via Email***
Jessica E. Underwood
Selendy & Gay, PLLC
1290 Ave of the Americas
New York, NY 10104
212-390-9000
Email: junderwood@selendygay.com

                                */s/ Jason S. Brookner*
                                Jason S. Brookner

4812-6130-9123.1